## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-14459-CIV-MAYNARD

CLAUDIA F. PACE,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

### ORDER ON PLAINTIFF'S UNOPPOSED PETITION
### FOR ATTORNEY FEES ("MOTION") (DE 24)

THIS CAUSE comes before me upon the above Motion.  Having reviewed the Motion and noting that neither Defendant nor Plaintiff objects to the relief requested therein, Plaintiff's Motion is granted for the reasons set forth below.

### I.    BACKGROUND

Plaintiff filed this case on November 24, 2019, seeking judicial review of the Defendant's denial of her application for disability insurance benefits under the Social Security Act.  DE 1. Defendant filed an Answer and a copy of the Administrative Record on February 10, 2020.  DE 7, 10.  On June 5, 2020, the parties filed cross-motions for summary judgment. DE 15, 16.  Following subsequent briefing (DE 17, 18, 19) and oral argument (DE 20), I denied Defendant's motion for summary judgment, granted Plaintiff's motion for summary judgment, vacated the underlying administrative decision and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  DE 21.  On February 5, 2021, Plaintiff moved for an award of $8,600.00[1] in

---

[1] Plaintiff's motion for EAJA fees indicates that, although Plaintiff's counsel requested reimbursement of $9,364.05 for 45.1 hours of work, the parties reached a settlement at $8,600.00.

attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") (DE 22), which was granted (DE 23).[2]   Plaintiff now avers that, "[f]ollowing remand, the Commissioner issued a fully favorable decision" and moves for an award of $23,567.62[3] in attorney's fees for representation of Plaintiff in federal court pursuant to the Social Security Act.[4]  DE 24 at 2-4.  Plaintiff avers that the Commissioner has no objection to Plaintiff's request.  DE 24 at 1.

## II.   **STANDARD**

Under 42 U.S.C. § 406(b) (also referenced as "§ 206(b)"), attorneys who secure a favorable result for their clients upon remand from federal court may petition the Court for a fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).  In capping the fee at 25 percent, "Congress . . . sought to protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (internal quotation marks and citation omitted).

---

DE 22 at 2.

[2] Plaintiff' was also awarded the $400 filing fee cost incurred in this case.  DE 23.

[3] Plaintiff calculates the amount by taking the amount withheld pursuant to the Notice of Award ("Notice") (DE 24-2 at 4) of $32,167.62 (representing 25% of the past due benefits totaling $128,670.48) and deducting the EAJA attorney fee award (DE 23) of $8,600.00. DE 24 at 3-4.

[4] Both the EAJA and the Social Security Act provide for attorneys' fees for successful representation of claimants seeking Social Security benefits.  "The EAJA's fee-shifting provisions are potentially more generous than the Social Security Act's in at least three respects: (1) A court may not award attorney's fees under the Social Security Act, but may under the EAJA, when the claimant wins only a procedural victory and does not obtain any past-due benefits; (2) fees under the Social Security Act are limited to a percentage of benefits awarded, while EAJA fees are calculated under the lodestar method by examining the attorney's reasonable hours expended and her reasonable hourly rate; and (3) in contrast to the Social Security Act, fees may be awarded under the EAJA in addition to, rather than out of, the benefits awarded."  *Astrue v. Ratliff*, 560 U.S. 586, 601–02 (2010) (Sotomayor, J concurring) (internal quotation marks and citation omitted).

In *Gisbrecht*, the Supreme Court stated:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases . . .. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807.  Furthermore, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph."  42 U.S.C. § 406(b)(1)(A).  In other words, "although fees can be awarded under both the EAJA and § 406(b), Congress has precluded receipt of attorney fees for the same services provided under the EAJA and the Social Security Act." *Jones v. Astrue*, No. 3:04CV362/MCR/EMT, 2008 WL 563996, at *3 (N.D. Fla. Feb. 28, 2008) (citing § 406(b)(1)(A)).

Even so, "the EAJA Savings Provision does not mandate a specific procedure for refunding the smaller of the two attorneys' fees when a prevailing claimant recovers fees under both the EAJA and 42 U.S.C. § 406(b).  *Green v. Comm'r of Soc. Sec.*, 390 F. App'x 873, 874 (11th Cir. 2010) (citing *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268 (11th Cir.2010)).  Accordingly, "the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request."  *Id.*

The first place that the Court should turn to in assessing the reasonableness of a fee is the parties' fee agreement.  *Gisbrecht*, 535 U.S. at 808.  In conducting its independent check to ensure that a fee is reasonable, the Court may appropriately reduce the fee for a number of reasons. Indeed, among other things, courts consider: (i) "the character of the representation and the results the representative achieved"; (ii) any delay caused by counsel "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court"; and (iii) "benefits [that] are large in comparison to the amount of time counsel spent on the case." *Id.*  "In this regard,

the court may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* (noting that Judges of district courts are accustomed to making reasonableness determinations in wide-ranging contexts; therefore, such assessments ordinarily qualify for "highly respectful review").

### III.   <u>DISCUSSION</u>

Here, I find that Plaintiff's counsel's request for fees in the amount of $23,567.62 is reasonable.  The contingency fee contract in this case provides that Plaintiff agreed to pay her counsel 25 percent of her past-due benefits.  DE 24-1.

Furthermore, there is no reason to reduce the amount of the requested fee. First, with respect to the character of the representation and the results achieved, I note that Plaintiff's counsel provided professional and skilled representation, which resulted in a significant award of past due benefits.  Second, I find that counsel promptly prosecuted this case.  Third, I do not find the requested fee to be disproportionately large in relation to the total amount of time counsel spent on this case (41.4 hours).[5]  DE 22 at 2.  Counsel's rate in this case equates to $777.00[6] per hour (before reduction for EAJA fees of $8,600.00), which is below the rates awarded in other contingency fee cases; therefore, such a rate will not lead to a windfall.  Indeed, in recent cases where similar results were achieved, this Court and others within this district have awarded counsel higher hourly rates.  *See Delano v. Commissioner*, Case No. 2:17-cv-14090 (S.D. Fla. Jun. 21,

---

[5] The parties' settlement indicates that the Commissioner agreed to pay Plaintiff's counsel $8,600 representing approximately 41.4 hours at $207.78.  DE 22 at 2.

[6] The Court calculates the rate by dividing the 25% of past due benefits withheld of $32,167.62 (DE 24-2 at 4) by the 41.4 hours that the Commissioner agreed to pay Plaintiff's counsel for work in this case under the EAJA.  DE 22 at 2.

2021) (Maynard, J) (finding reasonable approximately $28,000 for just under 23 hours of work resulting in a rate of $1,248.11 per hour); *Rivera v. Berryhill*, Case No. 2:17-cv-14108 (S.D. Fla. Dec. 9, 2019) (Maynard, J) (finding reasonable the full 25% contingency fee award of $22,316.30 for 27.76 hours of work or $803.90 per hour); *Taggart v. Comm'r of Soc. Sec.*, No. 9:18-CV-80757, 2021 WL 86809, at *2 (S.D. Fla. Jan. 11, 2021) (Matthewman, J) (finding contested rate of $1,630.50 per hour for 42.47 hours to be reasonable).   Accordingly, because I find the contingency fee contract reasonable and because there is no reason to reduce the amount of the requested fee, I conclude that Plaintiff's attorney should be awarded the requested fee.

For the foregoing reasons, it is hereby,

**ORDERED AND ADJUDGED** that Plaintiff's Motion (DE 24) is **GRANTED.**   The Commissioner is **DIRECTED** to pay to Plaintiff's counsel the sum of $23,567.62 for § 406(b) fees out of Plaintiff's past-due benefits.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 4th day of October, 2021.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE